MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

  1301 Clay Street, Suite 340-S
  Oakland, California 94612
  Telephone: (510) 637-3723
  Facsimile: (510) 637-3724
  E-mail:  Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | No. CR 14-00556 JD |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JIBRI OMAR WATKINS, | |
| Defendant. | Current Hearing Date: August 14, 2015<br>Proposed Hearing Date: September 17, 2015 |

  Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Jibri Omar Watkins (WATKINS), by and through his counsel of record, Philip Allen Schnayerson, hereby stipulate as follows:

  1.  On November 6, 2014, a federal grand jury returned an indictment against the defendant. Defendant was charged with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Defendant has been arraigned on the indictment and entered a plea of not

1

guilty. A status conference hearing before this Court is scheduled for 10:00 a.m. on Friday, August 14, 2015. The parties request a brief continuance for the reasons set forth below.

2. On June 26, 2015, the United States Supreme Court issued its opinion in *Johnson v. United States*, 135 S.Ct. 2551, in which it invalidated a portion of the Armed Career Criminal Act. This decision has implications for the career offender guideline range that the United States Probation Office has previously concluded applies to defendant. Both parties require additional time to review this opinion and its implications for the career offender guideline to determine if it has any impact on whether or not that sentencing guideline will continue to apply to defendant.

3. On June 25, 2015, a bill numbered H.R. 2944 and called the Sensenbrenner-Scott SAFE Justice Reinvestment Act of 2015 was introduced in the House of Representatives and was subsequently referred to various committees for review. Counsel for defendant believes that if this bill were to become law that it would have a significant impact on defendant WATKINS' case. Counsel for defendant WATKINS believes it is essential that he take the time to review this proposed legislation in order to adequately advise defendant WATKINS as to how to proceed in this case with respect to litigation or resolution by plea agreement.

4. The government has continued to produce discovery in this case. In fact, on June 12, 2015, the government produced approximately 1,800 pages of discovery including various financial records from multiple banks and other corporate entities, law enforcement reports related to the search of an additional marijuana grow related to defendant on April 3, 2015, as well as additional documents related to defendant's criminal history. Counsel for defendant WATKINS requires additional time to review and analyze that discovery.

5. Finally, the government anticipates that within the next two to three weeks it will provide a proposed plea agreement to defendant and his counsel that will resolve the pending charges as well as additional currently uncharged conduct. Defendant and his counsel will require time to evaluate that plea offer light of the discovery and the law.

6. Thus, counsel for defendant WATKINS represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and

complete additional legal research including for potential pre-trial motions, review the discovery already produced and soon to be produced, as well as potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties agree that the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 14, 2015, to September 17, 2015, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Defendant's counsel represents that he has fully informed his client of his Speedy Trial rights and that, to his knowledge, his client understands those rights and agrees to waive them. Defendant's counsel further believes that his client's decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the

///

///

future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 12, 2015

MELINDA HAAG
United States Attorney

　　/S/　*Garth Hire*
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

　/S/　*per e-mail authorization*　　　　　　　　8/11/2015
PHILIP ALLEN SCHNAYERSON　　　　　　　Date
Attorney for Defendant
Jibri Omar Watkins

4

# [PROPOSED] ORDER

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The status conference in this matter scheduled for August 14, 2015, is continued to 8:30 a.m. on Thursday, September 17, 2015. The time period of August 14, 2015, to September 17, 2015, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

August 12, 2015
DATE

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

5