BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:   (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:       Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | No. CR 14-00556 JD |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JIBRI OMAR WATKINS, | |
| Defendant. | Current Hearing Date:   November 19, 2015<br>Proposed Hearing Date:  December 17, 2015 |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, and defendant Jibri Omar Watkins (WATKINS), by and through his counsel of record, Charles J.S. Woodson, hereby stipulate as follows:

      1.     On November 6, 2014, a federal grand jury returned an indictment against the defendant.  Defendant was charged with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).  Defendant has been arraigned on the indictment and entered a plea of not

1

guilty.  A status conference hearing before this Court is scheduled for 9:00 a.m. on Thursday, November 19, 2015.  The parties request a brief continuance for the reasons set forth below.

2.	On or about October 26, 2015, defendant's prior retained counsel, Philip Schnayerson, was permitted to withdraw as attorney of record for defendant WATKINS at defendant's request.  Defendant subsequently sought appointment of counsel and on or about October 27, 2015, attorney Charles J.S. Woodson was appointed under the Criminal Justice Act.  Defendant's new attorney has been provided with discovery in this case.  The discovery includes audio and video recordings as well as more than 2,300 pages of law enforcement reports, criminal history reports, arrest reports, search warrants, photographs, and business and financial records.  Given counsel's recent appointment and the substantial amount of discovery in this case, new counsel for defendant WATKINS requires additional time to review and analyze that discovery.

3.	Thus, counsel for defendant WATKINS represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery already produced and soon to be produced, as well as potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The parties agree that the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

4.	For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of November 19, 2015, to December 17, 2015, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to

grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. Defendant's counsel represents that he has fully informed his client of his Speedy Trial rights and that, to his knowledge, his client understands those rights and agrees to waive them. Defendant's counsel further believes that his client's decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

6. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 12, 2015        BRIAN J. STRETCH
                                Acting United States Attorney


                                   /S/   Garth Hire
                                GARTH HIRE
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA



 /S/  per e-mail authorization              11/12/2015
CHARLES J.S. WOODSON                        Date
Attorney for Defendant
Jibri Omar Watkins

**[PROPOSED] ORDER**

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The status conference in this matter scheduled for November 19, 2015, is continued to 9:00 a.m. on Thursday, December 17, 2015. The time period of November 19, 2015, to December 17, 2015, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_\_11/13/15_____
DATE

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

4