UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         Plaintiff,<br>   v.<br>JIBRI OMAR WATKINS,<br>         Defendant. | Case No.  14-cr-00556-JD-1<br><br>**ORDER RE SECTION 2255 MOTION AND CERTIFICATE OF APPEALABILITY**<br>Re: Dkt. No. 155 |

Defendant Jibri Omar Watkins is currently serving a sentence in a federal prison after pleading guilty to one count of possession with intent to distribute marijuana, and one count of engaging in a monetary transaction in criminally derived property.  Watkins admitted in his plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) that he possessed over 100 marijuana plants.  Dkt. No. 78.  Consequently, the possession count carried a mandatory minimum prison term of 5 years and a maximum prison term of 40 years under 21 U.S.C. § 841(b)(1)(B)(vii).  The count for a monetary transaction in criminally derived property carried a maximum prison term of 10 years under 18 U.S.C. § 1957.  Watkins also agreed to plead guilty as a career offender under Section 4B1.1 of the United States Sentencing Guidelines.  After accounting for acceptance of responsibility and the criminal history category, the advisory guidelines range in total was 188 to 235 months in custody.  Dkt. No. 100 ¶ 129.  Following a detailed colloquy at the sentencing hearing, the Court imposed a term of imprisonment of 120 months for each count, to run concurrently.  Sentencing Tr., Dkt. No. 103.  Watkins' conviction was affirmed on appeal.  Dkt. No. 153.

Watkins filed pro se a timely motion to vacate or set aside his sentence under 28 U.S.C. § 2255.  Dkt. No. 155.  Section 2255 provides, in pertinent part, that a federal prisoner may ask the

sentencing court to vacate, set aside, or correct his sentence if it was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Watkins says that his lawyer was ineffective for not pressing a medical marijuana sales defense under California state law, mishandling the monetary transaction count, and a variety of other alleged deficiencies. These points are raised mainly in a "memorandum" that Watkins attached to the petition, and not the motion itself, but the Court will review them in the interests of justice.

The motion is denied. The record before the Court conclusively establishes that Watkins has not raised any ground that would entitle him to relief. To prevail on a Sixth Amendment ineffectiveness claim, Watkins must establish two things. First, he must demonstrate that counsel's performance was deficient in that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Deficient performance requires Watkins to demonstrate that his lawyer made mistakes so serious that he could not be said to be acting like an attorney guaranteed by the Sixth Amendment. *Id*. at 687. Second, he must establish that he was prejudiced by counsel's deficient performance in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*

The Sixth Amendment inquiry is not what counsel might have done, but whether his actual choices were reasonable. *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The same standards apply for representation in the plea-bargaining process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Allegations that are conclusory are not sufficient to support a claim for ineffective assistance of counsel. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Nothing in the motion, or in the Court's independent review of the record, shows anything that might amount to a constitutional deprivation of effective counsel. Watkins' main contention is that his lawyer did not assert a defense under California state laws for medical marijuana sales and distribution. Watkins cites a rider in a 2016 appropriations act that barred the Department of

Justice from using its funding to impede or disrupt state medical marijuana laws by prosecuting individuals. *See United States v. McIntosh*, 833 F.3d 1163, 1175-76 (9th Cir. 2016). He believes his lawyer acted unreasonably by not challenging the marijuana count on this basis.

This is not a good argument for ineffective assistance. To start, Watkins' lawyer did consider the issue, and stated at sentencing that Watkins' conduct was not within *McIntosh*. *See* Dkt. No. 93 at 8. That was an objectively reasonable position. Watkins was not engaged in a state-sanctioned medical marijuana enterprise like the defendants in *McIntosh*. To the contrary, he operated a large-scale growing operation in a warehouse in Oakland from which he shipped marijuana to out-of-state purchasers, including a buyer in Missouri. Dkt. No. 78 ¶ 2; *see also* Plea Tr., Dkt. No. 126 at 8-10. He acknowledged these facts at sentencing. Sentencing Tr., Dkt. No. 103 at 15 ("I sent the marijuana box, and I'm coming forth and I say I sent the box. I was wrong."). In addition to the fact that Watkins clearly was not acting as a proper distributor of medical marijuana, interstate distribution is not authorized by California's medical marijuana laws, and so does not preclude federal prosecution. *United States v. Kleinman*, 880 F.3d 1020, 1029 (9th Cir. 2017). Consequently, any request for relief under *McIntosh* would have been pointless, and a lawyer's decision not to pursue a fruitless avenue does not constitute ineffective assistance of counsel. *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994).

Section 2255 relief on this basis is denied. Watkins did not ask for an evidentiary hearing, and one is not required in light of this record. *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990).

Watkins' contentions in connection with the monetary transaction charge are equally unavailing. While Watkins' position is not entirely clear, he appears to say that a transaction identified in the plea agreement to buy a speedboat for $80,000, Dkt. No. 78 ¶ 2, was funded by money from a legal source, namely a civil judgment in Texas state court, Dkt. No. 155 at 6. Watkins faults his lawyer for not looking into the source of the funds. Dkt. 155 at 25-26.

The record again rebuts this contention. Watkins pled guilty to using illegal proceeds from marijuana distribution to fund a fully-secured loan for $100,000, in addition to buying the speedboat. *See* Plea Tr., Dkt. No. 126 at 8-9; Dkt. No. 78 ¶ 2. The civil judgment form he

3

attached to the motion indicates that $56,000 was returned to him and another individual jointly, apparently after a criminal forfeiture proceeding. Even assuming Watkins got every penny of the $56,000, and didn't share it with the other joint recipient, his argument does not account for the remaining $24,000 spent on the boat, or the $100,000 used to fund the loan transaction. The monetary transaction count required only that the property had a value of $10,000 or more. 18 U.S.C. § 1957(a). Consequently, it cannot be said that his lawyer acted in a sub-par manner by not chasing this point down in the case.

Watkins says that his plea agreement was involuntary or uninformed because his attorney did not accurately advise him of the potential sentence of incarceration. This too is not a compelling point. Receiving a sentence that exceeded what Watkins might have expected is not a per se indicator of ineffective assistance. *See Doganiere*, 914 F.2d at 168. Watkins does not allege that his lawyer failed to disclose the possibility of a sentence beyond the mandatory minimum term of 5 years when providing advice on a plea.

In addition, the Court expressly advised Watkins before accepting his guilty plea that (1) he faced a potential statutory maximum of 40 years for the marijuana conviction and a mandatory minimum term of 5 years, and a maximum of 10 years for the monetary transaction conviction, and (2) he might get a sentence he was not expecting but would not be able to withdraw his plea for that reason. Plea Tr., Dkt. No. 126 at 14-16. The Court expressly advised Watkins before accepting the plea that "any predictions or estimates that have been made to you by your lawyer or anyone else or that you have independently come up with in your own mind might not be accurate. However, you will not be able to withdraw your guilty plea if the sentence I impose is different from any predictions or estimates you currently have in mind." *Id*. at 16. Watkins said he understood all of this discussion. *Id*. at 15-16. These terms and the Court's discretion to sentence Watkins pursuant to the guidelines or other discretionary factors were also disclosed in the written plea agreement, which Watkins said he understood before he signed it. *Id*. at 10; Dkt. No. 78 ¶¶ 1, 7. There are no grounds for an ineffective assistance claim in these circumstances. *Gonzalez v. United States*, 33 F.3d 1047, 1051-52 (9th Cir. 1994).

Watkins says his lawyer acted deficiently by not challenging a 1995 drug conviction as a predicate offense for the career offender enhancement. *See* Dkt. No. 155 at 8, 28-32. The record shows otherwise.

To start, Watkins raised a challenge to the career offender enhancement on direct appeal to the Ninth Circuit, which was rejected when his conviction was affirmed. *See* Dkt. No. 153 at 2-3. In addition, during an *in camera* colloquy with the Court, Watkins and his lawyer each confirmed that they did not dispute Watkins' criminal history. Dkt. No. 134 at 5. His lawyer stated that the criminal history was "accurate" and that "I've investigated the allegations included therein." *Id.* at 4-5. Watkins' wholly conclusory allegations to the contrary are insufficient to establish otherwise. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal.").

Watkins suggests that his lawyer did not investigate the validity of his 2001 parole revocation, which placed his 1995 conviction within the fifteen-year threshold for predicate offenses. He believes the revocation was unconstitutional under *Valdivia v. Davis*, 206 F. Supp. 2d 1068 (E.D. Cal. 2002), which held that California's unitary parole revocation hearing system violated due process. *See* Dkt. No. 155 at 28-29. This again is entirely conclusory, and nothing in the record indicates that *Valdivia* applied to Watkins. He also offers no other evidence to suggest that his parole revocation was expunged or otherwise made improper for consideration at sentencing. Watkins says he "was not represented by counsel during the revocation process," Dkt. No. 155 at 31, but parolees do not have a per se Sixth Amendment right to counsel during parole revocation hearings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 789-90 (1973).

As for prejudice, Watkins claims that he would not have pleaded guilty had he "known that counsel would not object or [*sic*] investigate" this predicate offense to his career offender enhancement. Dkt. No. 155 at 33. This, too, is not supported by the record. Before pleading guilty, Watkins received a pre-plea presentence report of his criminal history for the express purpose of determining whether he qualified as a career offender. Dkt. No. 16. This pre-plea PSR, produced over a year before his plea, included the 1995 conviction and parole revocation.

Dkt. No. 17 ¶ 7. The 1995 conviction was also specifically referenced, and admitted to, as a predicate offense in Watkins' plea agreement. Dkt. No. 78 ¶ 2. He was hardly in the dark about this situation before he pled guilty.

Watkins has not demonstrated grounds for relief based on bad lawyering that prejudiced him. This is also not a case where several lesser missteps cumulatively added up to reversible error. *See Parle v. Runnels*, 387 F.3d 1030, 1045 (9th Cir. 2004). Consequently, the motion is denied. With respect to an appeal of this order, 28 U.S.C. § 2253(c)(1)(B) appears to indicate that the Court should decide on a certificate of appealability. *See also* Rules Governing § 2255 Proceedings, Rule 11(a). Because no reasonable jurist would disagree with the Court's conclusion that Watkins has not made a substantial showing of the denial of a constitutional right, a certificate is denied. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED.**

Dated: April 21, 2020

JAMES DONATO
United States District Judge