UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JIBRI OMAR WATKINS,<br>Defendant. | Case No. 14-cr-00556-JD-1<br><br>**ORDER RE COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 161 |

Defendant Jibri Omar Watkins is currently serving a sentence in a federal prison after pleading guilty to one count of possession with intent to distribute marijuana, and one count of engaging in a monetary transaction in criminally derived property. Watkins admitted in a plea agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) that he possessed 100 or more marijuana plants. Consequently, the possession count carried a mandatory minimum prison term of 5 years and a maximum prison term of 40 years under 21 U.S.C. § 841(b)(1)(B)(vii). The count for a monetary transaction in criminally derived property carried a maximum prison term of 10 years under 18 U.S.C. § 1957. Watkins also agreed to plead guilty as a career offender under Section 4B1.1 of the United States Sentencing Guidelines. After accounting for acceptance of responsibility and the criminal history category, the advisory guidelines range in total was 188 to 235 months in custody. *See* Sentencing Tr., Dkt. No. 103, at 9-10. Following a detailed colloquy at the sentencing hearing, the Court imposed a term of imprisonment of 120 months for each count, to run concurrently. *See id.* at 22. Watkins' conviction was affirmed on appeal. Dkt. No. 153.

Watkins filed pro se a motion to vacate or set aside his sentence under 28 U.S.C. § 2255. Dkt. No. 155. In April 2020, the Court denied the motion, declined to issue a certificate of appealability, and entered judgment against Watkins. Dkt. Nos. 157, 158. In May 2020, the Court denied as moot a request by Watkins for a hearing on the Section 2255 motion, and for appointment of counsel. Dkt. No. 164.

Watkins filed another pro se motion in May 2020 asking for transfer to home confinement for the duration of his sentence. Dkt. No. 161. Watkins says he has asthma and hypertension, which put him at a heightened risk for a severe illness from COVID-19. *Id*. The Court directed the government to respond to the request. Dkt. No. 163. Watkins obtained an attorney to represent him for this motion, and the Court confirmed the appointment under the Criminal Justice Act. Dkt. Nos. 166, 168. The government opposed the release request, Dkt. No. 165, and Watkins' attorney filed a reply brief in support of it, Dkt. No 167. The request is denied without prejudice.

As an initial matter, the legal basis for Watkins' request is not entirely clear. His pro se motion refers to a program proposed by the Attorney General for release of inmates to home confinement in certain COVID-19 circumstances. Dkt. No. 161. The administrative request he filed with the Bureau of Prisons (BOP) makes the same reference. Dkt. No. 169-2, Exh. B. Both references appear to be to memoranda from the Attorney General to the BOP directing it to prioritize transfers of qualified inmates to home confinement to reduce the risks of COVID-19 exposure. *See* Off. of the Att'y Gen. Mem., Mem. for Dir. of Bureau of Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), *available at* https://www.justice.gov/file/1266661; Off. of the Att'y Gen. Mem., Mem. for Dir. of Bureau of Prisons, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), *available at* https://www.justice.gov/file/1262731. The BOP evaluated Watkins' request under these memoranda. It cited them and their release criteria to conclude that Watkins was not eligible for home confinement. Dkt. No. 169-2 at 4.

To the extent the motion is premised on these grounds, judicial relief is not available. The Court cannot order the BOP to house Watkins at a specific location, such as home confinement. *See United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011). Watkins acknowledges this limitation in his reply brief. *See* Dkt. No. 167 at 4-5.

Alternatively, Watkins' pro se motion can be reasonably read as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Counsel for the parties have treated it this way, and the Court will do the same. *See* Dkt. No. 165 at 3-9; Dkt. No. 167 at 2-4.

Relief under Section 3582(c) is within the Court's authority, but the problem for Watkins is that he has not satisfied the mandatory administrative exhaustion requirement in the statute. The Court may consider compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or 30 days after "the warden of the defendant's facility" has received "such a request" for a motion, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Neither circumstance is present here. The record before the Court indicates that Watkins submitted a request to the BOP for a transfer to home confinement on May 11, 2020, which was denied on May 29, 2020. Dkt. No. 169-2 at 3-4. There is no evidence that Watkins appealed this determination within BOP, as Section 3582(c) requires before seeking judicial relief. The 30-day clock was not triggered because Watkins did not submit a request that conformed to the BOP regulations implementing Section 3582(c)(1)(A). Specifically, Watkins did not submit a release plan stating where he would live, how he would support himself, how he would receive medical treatment, and other required information. *See* 28 C.F.R. § 571.61. Consequently, Watkins neither clearly made a "request" that BOP "bring a motion" on his behalf for compassionate release, nor complied with regulatory requirements for bringing "such a request." 18 U.S.C. § 3582(c)(1)(A).

Watkins does not dispute the inadequacy of his administrative application. Even so, he says in his reply brief that the Court should grant an exception to the exhaustion requirements in Section 3582(c) because they are not jurisdictional. *See* Dkt. No. 167 at 2. It is true that a statutory limitation is typically non-jurisdictional. *See Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013). But "a rule may be mandatory without being jurisdictional." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1852 (2019). Rules for processing claims that require parties to "take certain procedural steps at certain specified times" are "'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it," *id.* at 1849 (citations omitted), as the government has done here.

Although the Supreme Court has recognized equitable exceptions to non-jurisdictional exhaustion requirements, *see*, *e.g., McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992), it has

3

drawn a distinction between "judge-made exhaustion doctrines" that are "amenable to judge-made exceptions," and statutory exhaustion provisions like the one in Section 3852(c), which stand "on a different footing." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). In the statutory context, "Congress sets the rules -- and courts have a role in creating exceptions only if Congress wants them to." *Id*. Mandatory exhaustion requirements in a statute foreclose "judicial discretion" to create modifications or exceptions. *Id*. The Court must take "such statutes at face value," and decline "to add unwritten limits onto their rigorous textual requirements." *Id*.

Consequently, the Court need not wade into the choppy waters of whether Section 3582(c) imposes a jurisdictional bar *vel non*. *See, e.g.*, *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *4-5 (D. Nev. June 2, 2020); *United States v. Drummondo-Farias*, No. CR 12-00174(1) JMS, 2020 WL 2616119, at *2-4 (D. Haw. May 19, 2020); *United States v. Connell*, No. 18-CR-00281-RS-1, 2020 WL 2315858, at *5 (N.D. Cal. May 8, 2020). Congress imposed mandatory exhaustion requirements that Watkins did not discharge. That is enough to deny the motion for release.

Because the failure to exhaust can be fixed, the denial is without prejudice. Watkins may file a new Section 3582(c)(1)(A) administrative request with the BOP that states the "extraordinary or compelling circumstances" warranting release, and provides a proposed release plan explaining where he will reside, how he will support himself, where he will receive medical treatment, and how he will pay for such treatment, as required by 28 CFR § 571.61(a). The request should be in writing and clearly identified as a request for release under 18 U.S.C. § 3582(c)(1)(A). Watkins may renew this motion with the Court as warranted by developments.

**IT IS SO ORDERED.**

Dated: August 13, 2020

JAMES DONATO
United States District Judge